## Williams v. Williams

*Joseph K. Fornance,* for libellant.

KNIGHT, P. J., December 23, 1942. — The libel charges adultery of the wife respondent, as the ground of divorce. The master, in a very well-considered opinion, holds that libellant has not made out his case by competent evidence, and that a decree of divorce should be refused. Libellant has taken these exceptions, which were argued before the court en banc.

The charge of adultery is based upon the allegation that respondent gave birth to a child on February 7, 1939, more than nine months after libellant ceased to live and cohabit with her. The birth of the child, and the fact respondent left the home of libellant the latter part of August 1937, were abundantly proven. The proof of nonaccess comes entirely from libellant, and the master has refused to consider this testimony, although expressing the opinion that it was true. Libellant excepts to this ruling.

The master relies upon a decision of this court: Moore v. Moore, 49 Montg. 130 (1931) ; wherein we held that a presumption of legitimacy attaches to birth in wedlock, and it cannot be rebutted by the testimony

of the mother or husband, and that the Act of April 21, 1915, P. L. 154, did not make the mother or her husband a competent witness to the fact of nonaccess.

The appellate courts of this State have never considered the question now before us, but our attention has been directed to the case of Hickey v. Hickey, 138 Pa. Superior Ct. 271 (1940). In this case the cause of divorce was indignities to the person, and respondent was a lunatic, represented by a committee that bitterly contested the case. The lower court ruled that under section 5 (e) of the Act of May 23, 1887, P. L. 158, libellant was not a competent witness, and that without libellant's testimony the evidence was not sufficient to support a decree. The Superior Court held that section 5 (e) of the Act of 1887 did not apply to actions in divorce.

The Act of 1915, supra, provides: "That in all proceedings for divorce the libellant shall be fully competent to prove all the facts . . ."

In commenting upon this act, the Superior Court in the Hickey case said at page 275:

"We think the purpose of the General Assembly in passing this Act was to make the libellant a fully competent witness as to all the facts, in all cases where jurisdiction to bring the action and obtain a decree existed and service had been made pursuant to law . . . ."

Counsel for libellant argues that this language indicates that the rule against permitting a husband to testify as to nonaccess has been abrogated by the Act of 1915.

The first statute in this Commonwealth allowing parties in interest to be witnesses in civil proceedings was the Act of April 15, 1869, P. L. 30, but that act contained a proviso that it should not alter the law so as to allow husband and wife to testify against each other.

The rule of the proviso was made more liberal by the Act of May 23, 1887, P. L. 158, which provided that in divorce cases where personal service was made either party could testify fully against the other. The Act of 1915, supra, extends this privilege to cases where service was made by publication. In our opinion, the legislature in the Act of 1915, supra, intended to liberalize the law, to permit a party to a divorce case to testify if service had been made in any manner provided by law, but did not intend to abrogate the rule as to testimony of nonaccess.

In Dennison v. Page, 29 Pa. 420 (1857), it was held, at page 423:

"Non-access cannot be proved by either the husband or the wife, whether the action be civil or criminal, or whether the proceeding is one of settlement or bastardy, or to recover property claimed as heir at law."

We have been unable to find any decision of our appellate courts in which this rule has been abrogated in civil cases, and it has recently been upheld in a criminal case: Commonwealth v. DiMatteo, 124 Pa. Superior Ct. 277 (1936). It seems unlikely and illogical that the legislature should make divorce cases an exception to the general rule.

We recognize that the nonaccess rule has been severely criticised by eminent textbook writers, and repudiated by the courts of some other States, but we will leave the discussion of the social aspects of the question to others, except to say that while the legitimacy of a child is not in question in a divorce case the testimony of a husband that he is not the father of a living child casts a deep shadow of the bar sinister on the child.

In this connection, it is interesting to note that two of the three cases in which the testimony of a husband or mother as to nonaccess has been held admissible involved stillborn children: Allison v. Allison, 61 Pitts. 101 (1913); Weaver v. Weaver, 31 Dauph. 326 (1928).

In the third case, Thompson v. Thompson, 28 Dauph. 73 (1925), Judge Fox did hold that admissions of the wife that her husband was not the father of her child were admissible under section 5(c) of the Act of 1887. The facts of this case are very meagre, and it may well have been that there was other evidence to support the charge of adultery.

In the present case, the husband and wife lived in the same immediate neighborhood when the child was conceived, and had ample opportunity to meet and to be with each other. If the rule is to be set aside under these circumstances, then it seems it could be ignored when the husband and wife live in the same house, and occupy the same room. Such a result would, we think, be dangerous to the family and marriage tie.

The master also refused to consider statements made by the paramour not in the presence of respondent. This ruling of the master is fully justified: Matchin v. Matchin, 6 Pa. 332 (1847) ; Fairchild v. Fairchild, 1 Kulp (Luz.) 400 (1881) ; Gerhart v. Gerhart, 5 Berks 241 (1913). Counsel for libellant argues that, as these statements were testified to by witnesses, not the co-respondent, at a hearing which was attended by respondent, the above rule of evidence does not apply. There is no merit in this. Respondent was under no duty to testify at the hearing, and the evidence was hearsay.

After fully considering the cases, and also the excellent brief of counsel for libellant, we are of the opinion that Moore v. Moore, supra, must still be followed in this court. The record discloses that libellant may have just and proper grounds to be divorced, so we will refer the case back to the master, so that steps may be taken to amend the libel, or to produce other competent evidence.

And now, December 23, 1942, the exceptions are dismissed, and the case referred back to the master, so

that the libel may be amended, or other competent evidence produced.